## Standard Accident Insurance Co. v. Malibu Dude Ranch, Inc.

*Harold C. Edwards* and *Clifton A. Cloud*, for plaintiffs.

*Karl A. Wagner* and *Charles R. Bensinger*, for defendant.

DAVIS, P. J., December 4, 1959.—Plaintiffs, Standard Accident Insurance Company and A. M. Skier, trading and doing business as A. M. Skier Agency, instituted an action in assumpsit to recover from Malibu Dude Ranch, Inc., defendant, the balance of the premiums on a comprehensive liability insurance policy which they allege to be due and owing. The case came on for trial. When the testimony was closed the court

directed a verdict in favor of plaintiffs. Defendant filed motions for new trial and judgment n. o. v. The matter is now before the court on these motions.

On July 16, 1946, the Standard Accident Insurance Company through its agent, A. M. Skier Agency, issued its comprehensive liability policy to defendant covering a period of three years and charged an advance premium in the sum of $765.79. Subsequently, plaintiff company discovered that they had made a mistake and had charged an advance premium for a one-year policy instead of a three-year policy. The testimony discloses that the company discovered the mistake about one year after the issuance of the policy. The testimony is in conflict as to the time defendant was notified of this mistake. Plaintiff Skier testified that defendant was notified in March of 1948. Mrs. Palmer, a representative of defendant, testified that defendant was not notified until April or May 1949.

Plaintiff's right to recover is based on the following clause in the insurance contract:

"The premium stated in the declaration is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. If the earned premium thus computed exceeds the estimated advance premium paid, the named insured shall pay the excess to the company; if less, the company shall return to the named insured the unearned portion paid by such insured."

After a perusal of the contract we concluded that it was not ambiguous nor were the words of doubtful meaning; therefore, it was the duty of the court to construe the contract as a matter of law: Fischer & Porter Company v. Porter, 364 Pa. 495, 500. The language in the above quoted provision of the policy seems entirely clear. It sets forth that the ultimate

cost of the policy will only be determined upon the termination of the policy. The provision goes farther and sets forth clearly that the ultimate cost, the earned premium, shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. The record discloses that the total cost or total premium was calculated in this manner. The determination of the amount of the first payment, although admittedly in error, in no way conflicts with the provision of the policy under discussion. The term "advance premiums" or "advance premium" denotes that the premium is not final, and is consonant with the provision providing that the total premium will be determined at the termination of the policy. As we view it the fair import of the contract is to the effect that the total cost of the policy would be calculated at the termination thereof in accordance with the company's rules, etc., as set forth in the above quoted provision. In Weisenberger v. The Harmony Fire and Marine Insurance Company, 56 Pa. 442, 445, a pertinent statement is made as follows: "Parties contemplating insurance ought to know, that what they really agree to, courts cannot relieve them from; . . ."

If we adopt defendant's theory that the estimated premium was the earned premium, except for certain coverages where the premium could not be ascertained until after audit at some subsequent time, we would nullify the provision of the contract quoted above relating to the earned premium. It is a settled rule of interpretation that if possible the contract must be so interpreted as to give effect to all of its provisions: Vulcanite Paving Company v. Philadelphia, 239 Pa. 524, 527.

We recognize the rule cited by defendant that an existing doubt as to the construction of the different parts of a policy of insurance must be resolved in

favor of the insured: Walsh v. Aetna Life Insurance Company, 352 Pa. 429, 435. However, after careful perusal of this contract, we have no doubt as to the construction of the different parts of the policy. The various provisions are clearly set forth and are not repugnant one to the other.

Defendant's contention does not conform to the equities of the situation. Plaintiffs covered said defendant with liability insurance for a period of three years and during that time paid substantial claims arising under the contract. Plaintiffs now ask to be paid the premium for a three-year policy. Defendant, admitting coverage for a period of three years, says in effect, we owe you a premium for one-year coverage. Of course, if defendant has a contract setting forth that only one year's premium should be paid for three years' coverage, then the courts should enforce it. But if defendant does not have a plain contract to that effect, a court ought not to seek out the dark corners in an effort to produce an inequitable result.

We cannot agree with defendant's contention that to allow recovery by plaintiffs is in effect committing a reformation of the contract. As we have said before, the contract provides that the earned premium should be determined at the end of the contract. It is true if plaintiff had not made a mistake, it would have required more money in the beginning. But the provision of the contract setting up the advance premium is not repugnant to nor does it abrogate the subsequent provision in relation to the earned premium which has been hereinbefore quoted.

We do not agree with another contention of defendant that since plaintiff did not promptly notify defendant that it had failed to require the usual amount of advance premium, that it is now estopped from demanding the earned premium under the provisions

of the policy. We must assume that defendant knew the policy contained the provision that the earned premium would be calculated at the termination of the policy. The failure of plaintiff to require a greater advance premium in the beginning was a benefit to defendant rather than a detriment. If defendant was dissatisfied with the terms of the policy, it could have cancelled at any time and relieved itself of further liability. When defendant was informed of the error in the amount of the advance premium and costs were calculated and spelled out for it, defendant requested plaintiff not to cancel the policy. It might be argued that by reason of this request defendant is estopped from objecting to plaintiffs' claim.

Another contention of defendant is that the advance premium for certain items of coverage where the premium for the full three years period could have been determined at the time of issue, such as automobile liability, is in effect the earned premium and therefore only the amount listed as advance premium can be collected. The trouble with this contention is that the contract does not so provide. The provision relating to determination of the earned premium at the termination of the policy is not restricted to any particular item.

We are convinced that the motion for judgment n. o. v. and the motion for new trial is without merit, and therefore each motion will be denied.

### Decree

And now, December 4, 1959, the motion for judgment n. o. v. is denied and the motion for new trial is denied and the prothonotary is directed to enter judgment on the verdict.